UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CARLOS LOPEZ,<br><br>  Petitioner,<br><br>  v.<br><br>D. LEWIS, warden; et al.,<br><br>  Respondents.  / | No. C 11-5177 SI (pr)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Jose Carlos Lopez, a prisoner incarcerated at Pelican Bay State Prison, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge prison officials' decision in 2009-2010 to validate him as a gang affiliate and his resulting placement in administrative segregation. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## DISCUSSION

A.  Review Of Petition

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person

detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Lopez alleges several claims in his petition.  First, he alleges that the evidence used to validate him as a gang associate was unreliable and insufficient.  Liberally construed, this states a cognizable due process claim. *See Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *Toussaint v. McCarthy*, 801 F.2d 1080, 1104-05 (9th Cir. 1986), *cert. denied*, 481 U.S. 1069 (1987).

Second, he contends that prison officials enforced vague and overbroad regulations (i.e., 15 Cal. Code Regs. § 3023) that infringed on his speech and conduct.  He argues that CDCR staff "should give prisoners notice of the tattoos and symbols that they deem to be gang-related." Petition, p. 25.  Section 3023 ("gang activity") does not stand in isolation, and instead must be read in combination with § 3000 (defining "gang"), and § 3378(c)(8) (criteria for source items used for gang identification) of Title 15 of the California Code of Regulations.  Read together, the regulations are not overbroad or vague with regard to prohibited gang activity. The petition's suggestions that inmates do not know what is prohibited ring especially hollow for Lopez, who already had been validated several years ago based in part on the same kind of evidence, i.e., his last validation (like the present validation) was based on his association with gang affiliates and his possession of a drawing with the Meso-American Mayan/Aztec symbol for the number 13. *See Lopez v. Valdez*, No. C 06-4772 SI, Docket # 25 (Order Granting Partial Summary Judgment), pp. 7-9, and Docket # 77 (Findings of Fact And Conclusions Of Law), p. 2.

Third, Lopez claims that the conditions in the SHU violate his Eighth Amendment rights. The claim cannot proceed.  As an inmate in the SHU, Lopez is a member of plaintiff class in the *Madrid v. Gomez* class action litigation concerning the SHU conditions.  Judge Henderson in that case has ruled that the overall conditions of the SHU do not violate the Eighth Amendment for the non-mentally ill inmates therein. *See Madrid v. Gomez*, 889 F.Supp. 1146, 1227-30, 1260-65 (N.D. Cal. 1995).  Lopez may not relitigate the claim individually.

Lopez also challenges a search of his cell on December 3, 2009 that allegedly resulted in a First Amendment violation.  He asserts that artwork improperly was confiscated and, even

2

if properly confiscated, the artwork should have been mailed home rather than destroyed. He must file a separate action to challenge the cell search and artwork confiscation because (a) it is a different decision than the validation/SHU placement decision that is the main thrust of his federal habeas petition and (b) the confiscation/destruction of the artwork does not affect the duration of his confinement. If Lopez wants to assert a First Amendment violation based on the destruction of the item found in his cell, he may file a civil rights complaint under 42 U.S.C. § 1983. If his central concern is the random and unauthorized destruction of personal property, he should file an action in state court, as a due process claim under § 1983 likely will fail. *See Zinermon v. Burch*, 494 U.S. 113, 128-29 (1990) (where state cannot foresee and therefore provide meaningful hearing prior to deprivation, statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process); *Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property).

B.      Miscellaneous Matters

Lopez requests appointment of counsel to represent him. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See id.* The interests of justice do not require appointment of counsel in this action.

Lopez requests an evidentiary hearing. The request for an evidentiary hearing at this time will be denied. If the court determines that an evidentiary hearing is necessary after reading the parties' briefs and the records the parties submit, it will order one on its own and without need for a motion from a party.

Lopez has named several persons as respondents, including those members of the staff who participated in the gang validation and/or SHU placement decision-making process. The proper respondent in a habeas proceeding is the state official having custody of the petitioner, such as the warden of the prison at which he is incarcerated. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). The prison staff members who made the complained-of validation and SHU placement decisions are not proper respondents and therefore are dismissed from this action.

## CONCLUSION

For the foregoing reasons,

1. The petition's federal due process claim warrants a response. All other claims are dismissed. All respondents other than warden Lewis are dismissed.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **April 27, 2012**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the disciplinary hearing record that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **June 1, 2012**. Petitioner's traverse may not exceed 20 pages in length.

5. Petitioner is responsible for prosecuting this case. He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

4

6. Petitioner's in forma pauperis application is GRANTED. (Docket # 2.)

7. Petitioner's request for appointment of counsel and request for an evidentiary hearing are DENIED. (Docket # 2 and # 3.)

IT IS SO ORDERED.

DATED: February 7, 2012

SUSAN ILLSTON
United States District Judge