UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE CARLOS LOPEZ,

    Petitioner,

    v.

D. LEWIS, Warden,

    Respondent.
                              /

No. C 11-5177 SI (pr)

**ORDER OF DISMISSAL**

## INTRODUCTION

Jose Carlos Lopez, an inmate at Pelican Bay State Prison, commenced this action by filing a petition for writ of habeas corpus in which he urged that his constitutional rights were violated during proceedings in 2009-2010 to validate him as a gang affiliate and his resulting placement in administrative segregation ("ad-seg"). The court ordered respondent to show cause why the petition should not be granted. Respondent has moved to dismiss and Lopez has opposed the motion to dismiss. The court will dismiss this action without prejudice to Lopez filing a civil rights action.

## DISCUSSION

Respondent argues that the petition must be dismissed for lack of habeas corpus jurisdiction because Lopez's claims do not affect the fact or duration of his confinement. (Respondent also presents other arguments in support of his motion to dismiss, but the court does

not reach them in light of the success of the first argument.)

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 574, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Id.*

Where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence, a civil rights action under 42 U.S.C. § 1983 is proper and habeas jurisdiction is absent. *See Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003). In addition, the preferred practice in the Ninth Circuit has been that challenges to conditions of confinement be brought in a civil rights complaint. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action proper method of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition because challenges to terms and conditions of confinement must be brought as civil rights complaint).

In this action, Lopez challenges prison officials's decision to validate him as a gang affiliate and place him in ad-seg. The petition does not attempt to challenge either the fact of his conviction or the length of his sentence. Rather, it goes entirely to the conditions of his confinement, and success in this action would not result in his release from prison nor shorten his stay in prison. Lopez's claims must be pursued in a civil rights action. *See Palma-Salazar v. Davis*, — F.3d –, 2012 WL 1511775, *6 (10th Cir. May 1, 2012) (federal prisoner's challenge to transfer to ad-seg must be brought pursuant to *Bivens*, rather than as a habeas action).

The indeterminate nature of Lopez's underlying sentence has significance in light of a recent amendment to the California Penal Code.[1] Effective January 25, 2010, an inmate housed

---

[1] Lopez is in custody serving a 27-years-to-life sentence imposed in 1998. *See* Order Granting Partial Summary Judgment, p. 2, filed May 10, 2007, in *Lopez v. Horel*, Case No. 06-4772 NJV.

in the security housing unit and/or ad-seg "upon validation as a prison gang member or associate is ineligible to earn" certain conduct credits against his sentence. Cal. Penal Code § 2933.6(a). A prisoner serving a set term of years who loses credit-earning eligibility due to his placement in the SHU or ad-seg due to gang validation may be able to show that such placement affects the duration of his confinement and therefore may be able to pursue a claim in habeas. The same cannot be said for an inmate serving an indeterminate sentence. Lopez, as an indeterminate life prisoner, must pursue his claim in a civil rights action because § 2933.6 does not affect the duration of his confinement on that sentence.

Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as pleading civil rights claims under 42 U.S.C. § 1983, *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), the court declines to do so here. The difficulty with construing a habeas petition as a civil rights complaint is that the two forms used by most prisoners request different information and much of the information necessary for a civil rights complaint is not included in the habeas petition filed here. Examples of the potential problems created by using the habeas petition form rather than the civil rights complaint form include the potential omission of intended defendants, potential failure to link each defendant to the claims, and potential absence of an adequate prayer for relief. Additionally, there is doubt whether the prisoner is willing to pay the $350.00 civil action filing fee rather than the $5.00 habeas filing fee to pursue his claims. The habeas versus civil rights distinction is not just a matter of using different pleading forms. A habeas action differs in many ways from a civil rights action: (1) a habeas petitioner has no right to a jury trial on his claims, (2) the court may be able to make credibility determinations based on the written submissions of the parties in a habeas action, (3) state court (rather than administrative) remedies must be exhausted for the claims in a habeas action, (4) the proper respondent in a habeas action is the warden in charge of the prison, but he or she might not be able to provide the desired relief when the prisoner is complaining about a condition of confinement, and (5) damages cannot be awarded in a habeas action. While a prisoner may think he has found a loophole that allows him to save $345.00 – by filing a habeas petition with a $5.00 fee rather than the usual $350.00 fee for a civil action

– the loophole proves unhelpful because he ultimately cannot proceed in habeas and will be charged the $350.00 filing fee to challenge conditions of confinement. It is not in the interest of judicial economy to allow prisoners to file civil rights actions on habeas forms because virtually every such case, including this one, will be defective at the outset and require additional court resources to deal with the problems created by the different filing fees and the absence of information on the habeas form.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss is GRANTED. This action for a writ of habeas corpus is DISMISSED without prejudice to Lopez filing a civil rights action under 42 U.S.C. § 1983, preferably using the court's civil rights complaint form.

IT IS SO ORDERED.

Dated: May 29, 2012

_____
SUSAN ILLSTON
United States District Judge